**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 08-36ML |
| v. | ) | |
| | ) | Violations: 18 U.S.C. §§ 2, 371, 1347; |
| CAROL M. DIPINA, alias CAROL SHEED | ) | 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), 846 |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, CAROL M. DIPINA, alias CAROL SHEED, have reached the following agreement:

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges the Defendant with one count of conspiring to distribute and possess with intent to distribute oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (Count I); one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371(Count II); one count of attempted possession with intent to distribute oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1)& (b)(1)(C) & 18 U.S.C. § 2 (Count III); and one count of health care fraud, in violation of 18 U.S.C. § 2, 1347 (Count IV).

2. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines, but not including probation or a "split-sentence" even if permitted. The government reserves the right to recommend any sentence up to and including the ~~mandatory~~ statutory maximum sentence in the event that the defendant files a motion for a downward departure or a sentence below the advisory guidelines range.

b. For purposes of determining the offense level, the government agrees to recommend a 2 or 3 level reduction in the offense level, whichever is applicable, for acceptance of responsibility under §3E1.1 of the guidelines.

c. The government agrees that it will not file a sentencing enhancement information pursuant to 21 U.S.C. § 851. The defendant understands that, based upon her prior felony drug convictions, if the government did file the sentencing enhancement information, she would be subject to a maximum sentence of 30 years incarceration on Counts I and III, and, if found to be a career offender, to a higher offense level under the guidelines.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that under the United States Sentencing Guidelines (the "guidelines"), defendant's sentence will be determined in large part based on the quantities of controlled substances involved in the offense, including controlled substances and currency that constitute "relevant conduct" under guidelines section 1B1.3. Defendant stipulates the following calculations under the guidelines, and agrees that if the matter had gone to trial, the government would be able to prove these facts beyond a reasonable doubt:

A. the controlled substances involved in this case are: oxycodone, a Schedule II controlled substance, and hydrocodone, a schedule III controlled substance.

B. the total amount of oxycodone that was distributed in connection with this case was approximately 307,503 mg which is the equivalent of 2060 kg of marijuana.

C. the total amount of hydrocodone that was distributed in connection with this case was approximately 13,084 dosage units which is equivalent to less than 1 kg of marijuana.

D. the total loss to Blue Cross Blue Shield (including BCBS Ritecare) as a result of reimbursements made to pharmacies for the purchase of fraudulently obtained prescription drugs, including but not limited to controlled substances, is approximately $17,015.

E. the total loss to Rhode Island Medical Assistance Program (Medicaid) as a result of reimbursements made to pharmacies for the purchase of fraudulently obtained prescription drugs, including but not limited to controlled substances, is approximately $120,827.

4. The defendant agrees that she will not seek to vacate any prior criminal convictions, including, but not limited to, her 1996 conviction for Conspiracy to Violate the Controlled Substance Act (P2/96-0939A), her 1999 conviction for Manufacture/Delivery with intent to distribute a controlled substance (P2/99-1286A), and her 2001 conviction for obtaining a controlled substance by fraud (P2/01-1267A).

5. The maximum statutory penalties for the offense(s) to which Defendant is pleading guilty are as follows:

COUNT I (18 U.S.C. § 846)

a. 20 years imprisonment;

b. a fine of up to $1,000,000;

c. a term of supervised release of at least 3 years and up to life; and

d. a mandatory special assessment of $100.00.

COUNT II (18 U.S.C. § 371)

a. 5 years imprisonment;

b. a fine of up to $250,000;

c. a term of supervised release of up to 3 years; and

d. a mandatory special assessment of $100.00.

<u>COUNT III</u> (21 U.S.C. § 841(a)(1) & (b)(1)(C))

a. 20 years imprisonment;

b. a fine of up to $1,000,000;

c. a term of supervised release of 3 years to life; and

d. a mandatory special assessment of $100.00.

<u>COUNT IV</u> (18 U.S.C. § 1347)

a. 10 years imprisonment;

b. a fine up to $250,000 or twice the gain or loss from the offense, whichever is greater;

c. a term of supervised release up to 3 years; and,

d. a mandatory special assessment of $100.00.

Accordingly, defendant faces up to 55 years imprisonment, a total maximum fine of $2,500,000.00, a term of supervised release of up to life, and $400 mandatory special assessment.

6. Defendant agrees that, after defendant and counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the fine and of the special assessment.

7. Defendant understands that defendant has the following rights:

a. to be represented by an attorney at every stage of the proceedings against her;

b. to persist in a plea of not guilty;

c. to be tried by a jury;

d. to have counsel assist at trial;

e. to confront and cross-examine witnesses;

f. to call witnesses on her own behalf; and

g. to testify on her own behalf, if he wishes, but

also the right against self-incrimination and that she, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, defendant gives up the right to a trial.

8. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 3 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The defendant understands that the United States Sentencing Guidelines are advisory and that, while the court must consult the guidelines, the Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within or below the guidelines range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all its obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that

if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw its guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement and accepts its terms.

17. Defendant states that she has read the agreement or has had the agreement read to her, has discussed it with counsel, understands it, and agrees to its provisions.

Carol M. DiPina — 4/16/08

CAROL M. DIPINA,
alias CAROL SHEED
Defendant

Date

4-16-8

KEVIN FITZGERALD
Federal Public Defender
Counsel for Defendant

Date

4/16/2008

ADI GOLDSTEIN
Assistant U.S. Attorney

Date

4/17/08

STEPHEN G. DAMBRUCH
Chief, Criminal Division

Date